IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:14-CR-00072-RLV-DSC-12

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| LARRY WOODLEY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**BEFORE THE COURT** is Defendant's *pro se* Motion to Reduce Sentence (the "Motion"). (Doc. 429). While 18 U.S.C. § 3582(c)(2) is not mentioned in Defendant's Motion, a document filed *pro se* is to be "liberally construed," and cannot be held to the same standards as a document filed by an attorney. *Erickson v. Pardus* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). As that is the case here, Defendant's *pro se*[1] Motion, which appeals to the sentencing factors noted in 18 U.S.C. § 3553(a), is construed as a motion properly filed pursuant to 18 U.S.C. § 3582(c)(2).[2] For the following reasons, Defendant's Motion (Doc. 429) is **DENIED**.

Defendant pled guilty to one count of Conspiracy to Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. (Doc. 358 at 1). This Court sentenced Defendant to a term of imprisonment

---

[1] Defendant requests that this Court appoint him counsel. The district court's power to appoint counsel is discretionary, and the court abuses this discretion only when a pro se party presents exceptional circumstances. *Goodman v. Smith*, 58 F. App'x 36, 39 (4th Cir. 2003) (finding, in context of 42 U.S.C. § 1983 litigation brought by prisoner, that "the [prisoner] had the capacity to adequately present his claims pro se" and therefore the district did not abuse its discretion). As Defendant adequately identifies the relief he seeks and is not entitled to relief, this Court denies Defendant's request for the appointment of counsel.

[2] Defendant appears to argue that this motion is pursuant to 28 U.S.C. § 2255 (2012), and seeks an evidentiary hearing under Rule 8 of the Rules Governing § 2255 Proceedings. (Doc. 429 at 2). Defendant's Motion clearly falls within the purview of 18 U.S.C. § 3582 which relates to the modification of an imposed term of imprisonment and does not specifically provide for an evidentiary hearing. In any event, as Defendant's Motion can be decided on the record before this Court, an evidentiary hearing is unnecessary.

1

of sixty-six months. *Id.* at 2. In his Motion, Defendant seeks a sentence reduction through the retroactive application of U.S. Sentencing Guidelines Amendment 794, which clarifies the requirements for reducing a defendant's offense level based upon a defendant's "minor" or "minimal" role in an offense under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2. (Doc. 429 at 1-7). Specifically, Defendant asks the Court to grant a "minor role" reduction, which would result in a two-level reduction from a total offense level of thirty-one to a total offense level of twenty-nine. *Id.* at 3; *see* U.S.S.G. § 3B1.2(b); (*see also* Doc. 274 at 25).

Once a term of imprisonment has been imposed it is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b). Narrow exceptions exist that permit a court to modify a term of imprisonment. *See* 18 U.S.C. § 3582(b), (c). A court is only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F. 3d 233, 235 (4th Cir. 2010). Here, the Director of the Bureau of Prisons has not moved for a reduction, the Government has not filed a Fed. R. Crim. P. 35 motion, and there is no statute expressly permitting the Court to reduce Defendant's sentence. However, the Sentencing Commission has amended U.S.S.G. § 3B1.2 through its adoption of Guidelines Amendment 794.

The Court may "reduce a defendant's term of imprisonment when the Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009). Section 3582(c)(2) states that "upon motion of the defendant . . . the court may reduce the term of imprisonment . . . , *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C.

§ 3582(c)(2) (emphasis added). The applicable policy statement is U.S.S.G. § 1B1.10, which provides as follows:

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a). The United States Court of Appeals for the Fourth Circuit has held that "[a] guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10([d])."[3] *Dunphy*, 551 F.3d at 249 n.2; *see also United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (noting § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"). As of the date of this Order, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. *United States v. Welch*, ___ F. App'x ___, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and the list does not include Amendment 794."). Therefore, a reduction in Defendant's sentence is not consistent with the policy statement because Amendment 794 does not apply retroactively to sentences that have become final. *See Kemp v. United States*, 2017 WL 455403, at *1 (E.D.N.C. Feb. 2, 2017).

Defendant, in his Motion, cites *United States v. Christensen*, 598 F.3d 1201, 1205 (9th Cir. 2010), to emphasize that Guidelines Amendment 794 resolves a circuit split and that the language of the Amendment indicates the Commission intended the Amendment to be a clarification. (Doc.

---

[3] The Sentencing Guidelines were amended on November 1, 2014 to include Amendment 780, which "redesignat[ed]" subsection (c) as subsection (d). U.S.S.G. App. C, amdt. 780 ("[s]ection 1B1.10 is amended in each of subsections (a)(1), (a)(2)(A), and (b)(1) by striking 'subsection (c)' each place such term appears and inserting 'subsection (d)'; [and] by redesignating subsection (c) as subsection (d)[.]").

3

429 at 1). This Court recognizes the factors set forth by the United States Court of Appeals for the Ninth Circuit in *Christensen*; however, as previously discussed, the Fourth Circuit requires that an amendment be expressly listed in U.S.S.G. § 1B1.10(d) in order for the amendment to receive retroactive application. *See United States v. Brewton*, No. 16-7709, 2017 WL 1242007 (4th Cir. Apr. 4, 2017) (holding the district court did not commit a reversible error in denying the defendant's 18 U.S.C. § 3582(c) motion on the grounds that Amendment 794 was not listed as an amendment receiving retroactive application in Guideline § 1B1.10(d)); *Welch*, 2017 WL 1241970, at *1 ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and the list does not include Amendment 794. The district court therefore did not abuse its discretion in denying [the defendant] the relief she sought under Amendment 794."); *United States v. McNeil*, 671 F. App'x 67 (4th Cir. Nov. 28, 2016) ("Section 1B1.10(d) of the Guidelines lists the amendments that receive retroactive application, and this list does not include Amendment 794. Therefore, Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding."). Further, while at least two circuits have held that Amendment 794 could apply retroactively while the case remained on direct appeal, *see United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (concluding that Amendment 794 applies retroactively to cases on direct appeal); *United States v. Carter*, 662 F. App'x 342, 348-49 (6th Cir. Oct. 3, 2016) (adopting the holding in *Quintero-Leyva* within context of case on direct appeal), Defendant does not identify any court that has held that Amendment 794 applies retroactively once a sentence becomes final. Accordingly, since Defendant's sentence became final when the time for him to file a direct appeal elapsed and because Amendment 794 lacks retroactive effect for sentences that have become final, Defendant cannot avail himself of Amendment 794 to seek a sentence reduction under 18 U.S.C. § 3582(c).

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion to Reduce Sentence (Doc. 429) is **DENIED**.

Signed: June 29, 2017

Richard L. Voorhees
United States District Judge